Stefan Kowalski v. Commissioner.
Kowalski v. Commissioner
Docket No. 14939.
United States Tax Court
1948 Tax Ct. Memo LEXIS 28; 7 T.C.M. (CCH) 883; T.C.M. (RIA) 48248; November 24, 1948
*28 On the record, held: 1. Petitioner during the taxable year 1943 was a resident alien. 2. Respondent's disallowance of claimed deductions for amusement taxes paid and for seaman's uniforms and cleaning same sustained. Walter Sezudlo, Esq., Pacific Bldg., Miami, Fla., for the petitioner. F. L. Van Haaften, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent determined a deficiency in income tax against petitioner for the calendar year 1943 in the amount of $133.18. Petitioner contests error in that determination and, moreover, asks a finding of overpayment in the amount of $86.89. The issues are: (1) Whether the respondent erred in determining that petitioner was taxable as a resident alien for the year 1943. (2) Whether the respondent erred *29 in disallowing as claimed deductions $100 for admissions and amusement taxes and $425 for seaman's uniforms, tailoring and cleaning. The case was submitted upon oral testimony and exhibits. Findings of Fact Petitioner is an individual residing at No. 277 N.W. 33rd Street, Miami, Florida. Petitioner's income tax return for the year 1943 was filed with the collector of internal revenue for the fifth district of New Jersey at Newark, New Jersey. Petitioner was born on August 17, 1917 in Warsaw, Poland, and is a citizen of Poland. He was trained as a naval engineer in Poland and after graduation from school was a civilian seaman on Polish ships for many years prior to February 1942. Petitioner first entered the United States in 1941 while employed as a seaman by Gdynia-America Steamship Line. He was in the United States under similar circumstances from four to six times. On such occasions he was allowed shore leave as a seaman. Some time early in 1942, the Polish government issued an order requiring all Polish seamen to stay on Polish ships. Thereafter, while permanently employed as a civilian seaman by the Gdynia-America Steamship Line, petitioner left this employment in New York *30 harbor for the purpose of employment on ships of American steamship companies. Petitioner anticipated getting a release from the Polish consul, but this was not obtained until about a year later. Thereafter, petitioner commenced working for American companies and continued this work until July 1946. The ships on which he sailed did not participate in coastwise trade. Petitioner at no time had a visitor's permit or a visa of any kind permitting him to enter the United States either temporarily or permanently. He was always on leave as a seaman, the length of the shore leave usually being 29 or 30 days. Petitioner was not permitted to be employed on ships that traded in coastwise or territorial waters of the United States. During the time petitioner was on shore leave he reported to the War Shipping Administration every day or second day in order to be available for assignment. During 1943, petitioner did not own any real estate in the United States. He was the owner of a Chrysler automobile which was registered in his name. Prior to his marriage he kept the automobile in a garage in New Jersey and after his marriage he kept it where his wife was living. Sometime between 1943 and *31 1946 petitioner exchanged the Chrysler car for another one. In March 1944, petitioner executed his 1943 income tax return, as a resident of the United States. The return was made out for him by a man in New Jersey who advertised by a publicly displayed sign that he prepared income tax returns. Petitioner used the address of the apartment in which his wife lived. A separate return for the wife was prepared at the same time. On or about May 7, 1943, petitioner filed with the Immigration and Naturalization Service of the United States Department of Justice an "Application for a Certificate of Arrival and Preliminary Form for Declaration of Intention." This application contained, inter alia, the following statements made by petitioner under oath: "I hereby apply for a Certificate of Arrival (if required) showing my lawful entry into the United States for permanent residence and enclose money order No. 319694 for $2.50, payable to the order of the 'Commissioner of Immigration and Naturalization, Washington, D.C.' in payment therefor. (See reference to 'money order,' page 4.) * * *
"Did you yourself fill out this form? Yes. If not who filled out this form for you? I certify *32 that the foregoing statements are true to the best of my knowledge and belief. * * *
"(10) My last foreign residence was Warsaw Warsaw Poland. I emigrated (came) to the United States of America from Liverpool, England. My lawful entry (arrival) for permanent residence in the United States was at 516 Park Place, Lyndhurst, N.J., under the name of Stephan Kowalski on July 1941, on the vessel Stalowa Wola. "(11) I am not an anarchist. I am not a polygamist nor a believer in the practice of polygamy. I declare that it is my intention in good faith to become a citizen of the United States of America; that I will, before being admitted to citizenship, renounce absolutely and forever all [allegiance] and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or of which I may be at the time of admission to citizenship a citizen or subject; and that it is my intention to reside permanently in the United States. "I certify that the above statement of facts is true to the best of my knowledge and belief." The application was denied. On or about August 4, 1943, petitioner became acquainted with Irene Magdziak, an American citizen. She and petitioner were married *33 on November 8, 1943, while petitioner was on shore leave. Thereafter, petitioner's wife rented an apartment in New Jersey, paid the rent, supported herself and purchased her own clothing. Petitioner did not keep any personal property or other effects at the apartment. After his marriage petitioner named his wife as his beneficiary or his next of kin on all forms required to be filled out on ships and included her address, as he had on his income tax return for 1943. After his marriage petitioner received some of his mail at the address of his wife. Petitioner since 1943 has never left the United States except in connection with his work as a seaman. Sometime prior to July 1946, petitioner decided not to return to Poland because of the Communist-dominated government then in existence. In 1946, petitioner filed an application for a permanent visa. About a month later he received a quota number and in 1947 he received his permanent visa. On his income tax return for 1943, petitioner claimed a deduction in the sum of $100 as amusement and admission taxes paid. He also claimed a deduction of the sum of $450, paid for seaman's uniforms, tailoring and cleaning. The respondent disallowed *34 the claimed deductions. Petitioner was not required to wear the uniforms by his employer. Poland was at war with Germany during the year 1943. Opinion The first issue presents the question whether petitioner was a resident alien during the year 1943. In March 1944 petitioner filed an income tax return for the taxable year 1943, as a resident of the United States. The respondent determined a deficiency thereon in the amount of $133.18. Petitioner contests that deficiency and requests a determination of overpayment in the amount of $86.89, being the amount of income taxes withheld from petitioner's wages. Petitioner contends that during the year 1943, he was a nonresident alien seaman and was not subject to income tax liability, and that the return filed by him was filed under a mistake of law. The question of residence or nonresidence is a mixed question of fact and law, and the decision necessarily turns upon the facts disclosed by the record in each particular case. Rolf Jamvold, 11 T.C. 122, 125. Petitioner, a Polish citizen, was employed as a civilian seaman on Polish ships. In 1941, he made several trips to the United States and was permitted limited shore *35 leave. Early in 1942, the Polish government issued an order requiring Polish seamen to stay on Polish ships. Thereafter, in violation of such order, petitioner left his Polish ship in New York harbor without intent to return. He intended to secure his release from the Polish consul, but this was not obtained until about a year later. Petitioner secured employment with America on ships not engaged in coastwise trade and continued working as a seaman until July 1946. On or about May 7, 1943, petitioner executed and filed an "Application for a Certificate of Arrival and Preliminary Form for a Declaration of Intention" to become an American citizen. Petitioner testified that he filed this application "in order to get permission to stay permanently in the United States" and "to get permission to work in territorial waters." The application was denied. In 1943, petitioner purchased an automobile which he registered in his name and which he maintained in a garage in New Jersey. On November 8, 1943, he married a Polish girl, a citizen of the United States. After their marriage petitioner's wife maintained an apartment in New Jersey where petitioner stayed while on shore leave.during the *36 year 1943 the American shipping companies employing petitioner withheld income tax on the wages paid to him without apparent objection on his part. In March 1944, petitioner executed and filed an income tax return for the calendar year 1943, as a resident of the United States. While petitioner and his wife testified that petitioner intended to return to Poland after the war, but later decided to remain in this country because of the Communist-dominated government of Poland, such testimony was not convincing, nor do we think it controlling if it were to be accepted at face value. Petitioner's acts and his declarations under oath clearly indicate his intention to remain in this country permanently if possible. If petitioner had any intention of returning to Poland, it was at best a floating one, indefinite as to time and insufficient to constitute petitioner a transient. An alien actually present in the United States, who is not a mere transient or sojourner, is a resident for the purpose of income tax. Treasury Regulations 111, section 29.211-2. Bowring v. Bowers, 24 Fed. (2d) 918. We conclude, upon this record, that petitioner was a resident alien during the taxable *37 year. There remains the question of the respondent's disallowance of the sum of $100, claimed by petitioner on his return for 1943 as amusement taxes paid, and the amount of $425, for the purchase of uniforms and cleaning thereof. The only proof as to the item of $100 paid for amusement taxes is the testimony of petitioner that while on shore leave he spent most of his earnings in night clubs and other places of amusement. The amount of $100, sought to be deducted, is purely an estimate. For lack of sufficient proof, the respondent's disallowance of such deduction is sustained. As to the claimed deduction of $425 for uniforms purchased and the expense of cleaning them, the proof establishes that such uniforms were not required by petitioner's employer. Moreover, there is no proof as to the amounts expended therefor other than the amounts shown on petitioner's return. Since it appears that these expenditures were clearly of a personal nature, the respondent did not err in disallowing them as deductions from petitioner's gross income. Decision will be entered for the respondent.